# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1096**　　　　　　　　　　　　　　　　　**September Term, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　EPA-08/11/2022 Order

　　　　　　　　　　　　　　　　　　　　**Filed On:** August 22, 2023

Cherokee Concerned Citizens,

　　　　　Petitioner

　　　v.

Environmental Protection Agency and
Michael Regan, Administrator, United States
Environmental Protection Agency,

　　　　　Respondents


　　**BEFORE:**　　Henderson, Walker, and Garcia, Circuit Judges

## O R D E R

### PROTECTIVE ORDER GOVERNING PROTECTED INFORMATION

　　This Protective Order ("Order") shall govern the parties' production, use, and submission of Protected Information or material claimed as Protected Information (together "PI") in the course of case No. 23-1096 and shall preclude inappropriate use of such PI for purposes other than case No. 23-1096 and constitutes a court order for purposes of 40 C.F.R. § 2.209(d).  This Order does not alter the requirement in certain regulations, e.g., 40 C.F.R. § 2.209(d), to notify non-parties that the U.S. Environmental Protection Agency ("EPA" or "Agency") intends to disclose Confidential Business Information (CBI) to a non-EPA party.  If EPA will be disclosing the CBI of a non-party, found in Agency files, to a non-EPA party in the litigation, EPA may be required to notify the non-party either directly or by notice published in the Federal Register.  This Order does not address the validity of any PI claim that has been or will be made under federal statutes and regulations.

　　1. EPA shall not consider any disclosure of PI in the course of case No. 23-1096 to persons other than EPA to be a waiver of such claim of confidentiality as to EPA or to be a public disclosure of such information, if the disclosure is made pursuant to the terms of this Order.  No document containing or otherwise disclosing CBI shall be publicly filed with the Court.  CBI shall be submitted to the Court only under seal in accordance with D.C. Circuit Rule 47.1 and Paragraph 7(b) of this Order.

　　2. "PI" shall include CBI and protected copyrighted information.

United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1096**                                    **September Term, 2022**

3. "CBI" defined:

(a) Any document containing material or information that was submitted to EPA under a claim of business confidentiality, including material constituting trade secrets or confidential business information pursuant to Section 14 of the Toxic Substances Control Act, 15 U.S.C. § 2613(a) and implementing regulations, and which is not subject to disclosure under Section 14(b) of the Toxic Substances Control Act, 15 U.S.C. § 2613(b), or an EPA determination that the material or information does not qualify for protection.

(b) Pursuant to 40 C.F.R. § 2.204(c)(2)(i), material that was not accompanied by a claim of confidentiality when provided to EPA but about which, in the good-faith opinion of EPA, an affected business might be expected to assert such a claim if it knew that EPA proposed to disclose the information pursuant to the restrictions in 40 C.F.R. Part 2, Subpart B, "Confidentiality of Business Information."

(c) Material, including all notes, memoranda, and calculations, that, if disclosed, may reveal information subject to subparagraphs (a) through (b) of this paragraph.

4. "Protected copyrighted information" defined:

(a) Material with rights that may be protected under the U.S. Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541, codified, as amended, at Title 17 of the U.S. Code.

(b) Material which, in the good-faith opinion of EPA, is likely to contain protected copyright information.

5. This Order does not constitute and shall not be interpreted as an agreement that any of the materials in the Administrative Record for case No. 23-1096 are PI.

6. Information that is or becomes publicly available through means other than as a result of a violation of this Order or a violation of other relevant confidentiality requirements (including those imposed upon EPA) shall not constitute PI, and to the extent that a party obtains information outside the context of case No. 23-1096 by means other than violating this Order or violating other relevant confidentiality requirements (including those imposed upon EPA), that party shall not be limited in its use of such information by this Order.

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 23-1096**                                                   **September Term, 2022**

7. For case No. 23-1096, CBI shall be designated, marked, and managed as follows:

(a) Respondent EPA will file an Administrative Record Certification in case No. 23-1096 and, subject to this Order, will produce documents identified in the Index of Documents that the non-EPA parties request. The requested documents may contain CBI as defined in this Order. Materials designated by EPA on Index of Documents as containing material claimed as CBI are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-1096 (D.C. CIR.)." In any production of these documents to any non-EPA party to case No. 23-1096, EPA shall so indicate on each page of the document for which a CBI claim is asserted that the CBI is "CBI – SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-1096 (D.C. CIR.)."

(b) Briefs, pleadings, and other material filed with the Court that contain or disclose CBI shall be filed in accordance with D.C. Circuit Rule 47.1, with two sets of briefs filed (one sealed, one redacted) and all pages that include CBI filed only under seal. For purposes of compliance with D.C. Circuit Rule 47.1, and because of the burdens and delay associated with a comprehensive page-by-page review for specific CBI in the administrative record, the entirety of a document or other material identified as containing CBI in the Administrative Record Certification shall be treated as containing CBI unless specifically designated otherwise. For all record materials where, on the date that EPA produces the Index of Documents, EPA is in possession of a version of that record redacted to protect information claimed as CBI (whether such redactions were made by EPA or the entity that submitted the materials to EPA), EPA will produce copies of those previously redacted versions on or before September 15, 2023. The redacted versions will not constitute material that contains or discloses CBI for purposes of this provision.

(c) A party who intends, during any hearing in case No. 23-1096, to present argument or other material containing CBI shall so advise the other parties and the Court so that any appropriate steps may be taken before such presentation or reference is made and shall arrange for the pages of any transcript containing such information to be marked "CBI – SUBJECT TO PROTECTIVE ORDER IN CASE NO 23-1096 (D.C. CIR.)." Any party participating in the hearing, or the parties jointly, may submit a motion to the Court providing suggested procedures or protocols to protect the confidentiality of PI at the hearing, including but not limited to moving for a closed hearing.

8. For case No. 23-1096, protected copyright information shall be designated, marked, and managed as follows:

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1096**                              **September Term, 2022**

(a) Respondent EPA will file an Administrative Record Certification in case No. 23-1096 and, subject to this Order, will produce documents identified in the Index of Documents that the non-EPA parties request. The requested documents may contain protected copyright information as defined in this Order. Materials designated by EPA on Index of Documents as containing material claimed as protected copyright information are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-1096 (D.C. CIR.)." In any production of these documents to any non-EPA party to case No. 23-1096, EPA shall so indicate on each page of the document for which a protected copyright information claim is asserted that the protected copyright information is "COPYRIGHT RESTRICTED – SUBJECT TO PROTECTIVE ORDER IN CASE NO. 23-1096 (D.C. CIR.)."

(b) Because of the burdens and delay associated with a comprehensive page-by-page review for specific PI in the administrative record, the entirety of a document or other material identified as protected copyright information in the Administrative Record shall be treated as containing protected copyright information unless specifically designated otherwise.

9. CBI shall be received by and held in strict confidence by the non-EPA parties and shall be used only for the purposes of case No. 23-1096 and shall not be used by non-EPA parties (except by the owner of such information) for any purpose outside of case No. 23-1096. CBI may be disclosed only to: (i) the Court and court personnel, including any court reporters, provided that any pleading or other document filed with the Court that contains or discloses material designated as CBI is filed under seal according to Paragraph 7(b) of this Order, and (ii) the following persons after signature by each such person of the Certification (Attachment A hereto) that the person has received a copy of this Order and agrees to be bound thereby, and under the conditions described for each (collectively, "Qualified Persons"):

(a) Outside counsel retained by the non-EPA parties to represent them in case No. 23-1096, including employees, contractors, and clerical, secretarial, and paralegal support staff. Such counsel have the obligation to reasonably limit and control the number of employees, contractors, and support staff who have access to CBI received from other parties and to ensure that each such person is aware of and complies with the terms and conditions of this Order.

(b) The designated representative of the non-EPA party in case No. 23-1096.

(c) Employees or contractors of the United States involved in case No. 23-1096 or the underlying final actions being challenged who have a need to access CBI.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-1096**                                    September Term, 2022

      10. Nothing in this Order shall limit EPA's use or disclosure of PI not obtained via this Order for purposes other than in the course of this action, case No. 23-1096.

      11. No person who is a Qualified Person as defined in this Order may further disseminate any PI except as expressly authorized in this Order unless required by law, including a court order.

      12. Counsel of record for each party shall be responsible for obtaining all Certifications required by this Order in advance of any disclosure that may be permitted by this Order and maintaining in safekeeping all original Certifications.

      13. Confidentiality under this Order is to be maintained both during and after the final disposition of case No. 23-1096. Any documents identified in the Certified List or the Administrative Record Certification as containing PI which have been produced to the non-EPA parties shall be returned to EPA or destroyed by counsel of record for the non-EPA parties within 90 days of the conclusion of the case, i.e., after resolution of any appeal.

      14. The production, use, and submission, pursuant to the terms of this Order, of PI shall not be construed as a waiver by any person or entity of any claim of PI.

      **IT IS SO ORDERED.**

**Per Curiam**

                                              FOR THE COURT:
                                              Mark J. Langer, Clerk

                         BY:    /s/
                                              Selena R. Gancasz
                                              Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-1096**  **September Term, 2022**

ATTACHMENT A

**Certification**

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Protective Order Governing Confidentiality relating to the confidentiality of information in <u>Cherokee Concerned Citizens v. EPA</u>, No. 23-1096 (D.C. Cir.), and I agree to, and will, keep information confidential in accordance with the terms of said Protective Order Governing Confidentiality.

_____
Signature                                        Date

_____
Affiliation or Employer