**NOT YET SCHEDULED FOR ORAL ARGUMENT**

No. 23-1096

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

CHEROKEE CONCERNED CITIZENS,
*Petitioner*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

On Petition for Review of Action by the Environmental Protection Agency

**UNOPPOSED MOTION FOR VOLUNTARY REMAND**

|  |  |
|---|---|
|  | TODD KIM<br>*Assistant Attorney General* |
| *Of Counsel*:<br>Sonja Rodman<br>Don Sadowsky<br>Maggie Clark<br>U.S. Environmental Protection Agency<br>Office of General Counsel | REDDING COFER CATES<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>Post Office Box 7611<br>Washington, D.C. 20044<br>(202) 514-2617<br>Redding.Cates@usdoj.gov<br>*Counsel for Respondents* |

# INTRODUCTION

Petitioner Cherokee Concerned Citizens challenges an order under Section 5(e) of the Toxic Substances Control Act, 15 U.S.C. § 2604(e), that EPA signed on August 25, 2022. While EPA believes that this Petition was filed out of time, EPA nevertheless has identified potential infirmities with the order that make reconsideration of the order appropriate.

EPA requests that the Court grant this motion for voluntary remand so that EPA may withdraw the order and reconsider the 18 premanufacture notices (PMNs) covered by the order, proceeding in accordance with TSCA Section 5(e).[1]

Petitioner does not oppose EPA's request for remand but submits that the Court should order remand with vacatur. Petitioner intends to file a response elaborating its position on vacatur by September 30.

---

[1] EPA has not withdrawn the order as it is currently subject to this Court's exclusive jurisdiction pursuant to TSCA section 19(a)(1)(A) which provides that the U.S. courts of appeals shall have "exclusive jurisdiction of any action to obtain judicial review . . . of such a rule or order." 15 U.S.C. § 2618(a)(1)(A).

## BACKGROUND

### A. Statutory background

Under TSCA, EPA evaluates potential risks from new and existing chemical substances and acts to address any unreasonable risks that the chemicals may present to human health and the environment. Section 5 requires a person intending to manufacture or import a new chemical substance to submit to EPA a pre-manufacture notice (PMN) prior to commencement of manufacture. 15 U.S.C. § 2604.

EPA must then review that PMN to make a determination pertaining to the likelihood that the new chemical substance "presents an unreasonable risk of injury to health or the environment." *Id.* § 2604(a)(3)(A). Section 5(e) provides that when EPA has determined that "in the absence of sufficient information . . . the substance may present an unreasonable risk of injury to health or the environment":

> the Administrator shall issue an order, to take effect on the expiration of the applicable review period, to prohibit or limit the manufacture, processing, distribution in commerce, use, or disposal of such substance or to prohibit or limit any combination of such activities to the extent necessary to protect against an unreasonable risk of injury to health or the environment, without consideration of costs or other nonrisk factors, including an unreasonable risk to a potentially exposed or susceptible subpopulation identified as relevant by the Administrator under the conditions of use,

and the submitter of the notice may commence manufacture of the chemical substance, or manufacture or processing of the chemical substance for a significant new use, including while any required information is being developed, only in compliance with the order.

*Id.* § 2604(e)(1)(A).

### B. Factual background

On June 7th, 8th, and 14th of 2021, Chevron USA, Inc. (Chevron) submitted eighteen PMNs to EPA for approval.[2] On July 21, 2021, EPA published a Federal Register notice indicating that it had "approved" the PMNs submitted by Chevron for 18 new chemicals. 86 Fed. Reg. 38475.

Following EPA's review of the PMNs, EPA and Chevron signed a Section 5(e) consent order (the "Section 5 Order") on August 25, 2022.[3] Doc. No. 1994141 at 7. The Section 5 Order provides that Chevron may manufacture, process, distribute in commerce, use, or dispose of the new chemical substances at issue only in accordance with the

---

[2] The eighteen PMNS were submitted across five different consolidated filings, which is why EPA's "approval" of the PNMs is listed in five sets of numbers (*e.g.* PMNs P-21-0144, P-21-0145, P-21-0456 and P-21-0457 are listed as P-21-0144-0147). *See* 86 Fed. Reg. 38475 (Premanufacture Notice Numbers P-21-0144-0147, P-21-0148-0150, P-21-0152-0154, P-21-0155-0158, P-21-0160-0163).

[3] This Order applies to all 18 of the PMNs.

3

requirements and conditions described in the order. *Id*. The Section 5 Order was based on the EPA's determination, in accordance with Section 5(a)(3)(B)(ii)(I), that—in the absence of sufficient information to permit the Agency to make a reasoned evaluation of the health and environmental effects of the new chemical substances—the substances may present an unreasonable risk of injury to health or the environment. *Id*. at 14, 30-39. The Section 5 Order lists "Requirements" that specify conditions for manufacturing, processing, use, and distribution of the substances that EPA determined were necessary to prevent unreasonable risk. Santacroce Decl., App. C at 6-14.

Following issuance of the Order, EPA prepared a document entitled "Chevron Waste Plastics Risk Summary and Characterization" ("2023 Risk Characterization"). Barash Decl. ¶ 5, Att. A. The analysis contained in this risk characterization is not contained in the administrative record of EPA's determination that led to the Order's issuance.

### C.  Procedural History

On April 7, 2023, Petitioner filed this petition for review. Doc. No. 1994141. On November 8, 2023, EPA moved to dismiss the petition as

4

untimely. Doc. No. 2026024. On February 23, 2024, this Court issued an order referring the fully briefed motion to dismiss to the merits panel. Doc. No. 2041659. Petitioner filed its opening brief on May 10, 2024. Doc. No. 2053884. The Environmental Defense Fund filed an *amicus* brief in support of petition on May 17, 2024. Doc. No. 2055165. On June 6, 2024, EPA filed an unopposed motion to extend the briefing schedule because it "is engaging in further administrative deliberations regarding the order challenged in this petition that may obviate the need for continuance of this litigation." Doc. No. 2058302. The Court granted the motion the following day, imposing the following remaining briefing schedule:

| | |
|---|---|
| Respondents' Brief | September 9, 2024 |
| Petitioner Reply Brief | October 16, 2024 |
| Deferred Appendix | November 6, 2024 |
| Final Briefs | November 20, 2024 |

## ARGUMENT

Voluntary remand is appropriate here. EPA seeks a remand of the challenged order so that it may "reconsider its previous position." Barish Decl. ¶ 7. *SKF USA Inc v. United States,* 254 F.3d 1022, 1029

5

(Fed. Cir. 2001). Here, EPA "has doubts about the correctness of its decision." *Id.* In this instance, the court has discretion over whether to grant remand. *See Southwestern Bell Tel. Co. v. FCC,* 10 F.3d 892, 896 (D.C.Cir.1993) (noting that the court had previously allowed a remand to the FCC where the FCC sought voluntary remand "to give further consideration to the matters addressed in the [FCC's] orders"), cert. denied, 512 U.S. 1204 (1994); *Wilkett v. Interstate Commerce Comm'n,* 710 F.2d 861, 863 (D.C.Cir.1983) (noting that the court had granted the Commission's motion for remand for purposes of reconsideration). Where the agency's concern is "substantial and legitimate, a remand is usually appropriate." *SKF USA Inc.*, 254 F.3d 1022 at 1029.

Here, EPA has substantial concerns that the Section 5 Order may have been made in error. Barish Decl. ¶ 7. On remand, EPA intends to withdraw the order, and will promptly do so once the Court rules on this motion. *Id.*¶ 8. Vacatur is not necessary, given EPA's stated intention to promptly withdraw the order and the consent of Petitioners. *See id.* Once withdrawn, EPA will reconsider, and, if appropriate, revise the determinations required in TSCA Section 5

regarding Chevron's PMNs. *Id.*

In sum, a voluntary remand is appropriate because it will allow EPA to withdraw the order and thereby moot this case. EPA will then consider the issues raised in the 2023 Risk Characterization, issued after the Consent Order challenged here, as well as additional issues raised by Petitioner in its merits brief, <u>and take further action as appropriate</u>. Decl. ¶¶ 7-8. Moreover, EPA's request for remand will not prejudice any of the parties. Petitioner does not oppose this motion. Granting this request will benefit the parties, as it will preserve party resources by obviating the need for additional briefing on the merits of Petitioner's claims.

## CONCLUSION

For all these reasons, this petition should be remanded to EPA.

Respectfully submitted,

Dated: September 20, 2024

*/s/ Redding Cofer Cates*
REDDING COFER CATES
U.S. Department of Justice
Environment & Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(T) (202) 514-2617

7

Redding.Cates@usdoj.gov

*Counsel for Respondents Environmental Protection Agency and Michael S. Regan, Administrator*

8

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d) because it contains 1270 words and is formatted in double-spaced, 14-point Century Schoolbook font.

Dated: September 20, 2024                          Respectfully submitted,

                                                                   /s/ *Redding Cofer Cates*
                                                                   Redding Cofer Cates