NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 23-1096

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

CHEROKEE CONCERNED CITIZENS,
*Petitioner*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

On Petition for Review of Action by the Environmental Protection Agency

**REPLY IN SUPPORT OF UNOPPOSED MOTION FOR VOLUNTARY REMAND**

TODD KIM
*Assistant Attorney General*

*Of Counsel*:
Sonja Rodman
Don Sadowsky
Maggie Clark
U.S. Environmental Protection Agency
Office of General Counsel

REDDING COFER CATES
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7611
Washington, D.C. 20044
(202) 514-2617
Redding.Cates@usdoj.gov
*Counsel for Respondents*

Voluntary remand without vacatur is appropriate here because EPA has stated it wishes to reconsider its Order. Petitioner agrees, because it does not oppose EPA's motion. Accordingly, this Court should grant it.

Remand is appropriate to allow agencies to reconsider their original decision. *See, e.g.*, *Ethyl Corp. v. Browner*, 989 F.2d 522, 523 (D.C. Cir. 1993) (voluntary remand appropriate when agency acknowledged that new evidence had undermined agency decision and asked that the court "*remand the matter to the Agency for further consideration*") (emphasis added); *American Hawaii Cruises v. Skinner*, 893 F.2d 1400, 1401 (D.C. Cir. 1990) (voluntary remand of Coast Guard decision granted to allow "reconsideration of that agency's ruling"); *see also SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (agency may request voluntary remand "in order to reconsider its previous position"). This is what EPA wishes to do in this circumstance; as EPA explained, the agency intends to revisit its order based on additional analysis completed after the order issued. Barish Decl. ¶ 8. Yet, while not opposing EPA's motion, Petitioner nonetheless seeks to convince the Court to act contrary to it by imposing vacatur.

Petitioner's assertion that vacatur is required in these circumstances is wrong. First, the cases they cite for the proposition that vacatur is the normal remedy are inapposite because, in those cases, the court had reached the merits and concluded that the agency's action was in error.[1] Opp. 7-8 (citing *N.J. Conservation Found. v. FERC*, 111 F.4th 42, 63 (D.C. Cir. 2024); *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019)). Here, EPA seeks voluntary remand so that it may reconsider its decision before the Court reaches the merits.[2]

Second, Petitioner is incorrect to claim that EPA has confessed

---

[1] Judicial review in this case arises under the special statutory judicial review provisions of TSCA, not the Administrative Procedure Act (APA), but petitioners rely on APA cases. Although we acknowledge that cases in this Circuit have recognized the availability of vacatur as a remedy under the APA, *see, e.g.*, *Harmon v. Thornburgh,* 878 F.2d 484, 494 (D.C. Cir. 1989); *National Mining Ass'n v. U.S. Army Corps of Engineers*, 145 F.3d 1399, 1409-1410 (D.C. Cir. 1998), this conclusion has more recently been questioned, *see United States v. Texas*, 143 S. Ct. 1964, 1980 (2023) (Gorsuch, J., concurring in the judgment), and the United States reserves its right to further litigate this issue in an appropriate case.

[2] Petitioner cites two examples in which this Court granted agency requests to remand with vacatur. Pet. Resp. Exs. 2, 4. Petitioner elides that in those cases EPA had expressly confessed error, specifically that the agency had issued a rule without providing the statutorily-required notice and comment. Pet. Resp. Ex. 2 at 9; Ex. 4 at 11.

error, and EPA's decision cannot be rehabilitated. Petitioner misconstrues EPA's statements as a confession of error. EPA explained that it had identified "potential infirmities" that it wished to reconsider. Specifically, the agency noted new information reflected in a 2023 Risk Characterization prepared after the Order at issue was finalized. Barish Decl. ¶¶ 5-7. That document explained that EPA's prior method of analysis "relied on conservative assumptions" and these assumptions may have led to an "overestimate of risk." *Id.* ¶ 5. EPA therefore believes it is appropriate to reconsider its previous position" reflected in the order under review. *Id.* ¶ 7; *see also Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 387 (D.C. Cir. 2017) (an agency does not need to "confess error or impropriety in order to obtain a voluntary remand" so long as it has "profess[ed] [an] intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge"). Although EPA has stated that it intends to withdraw the order so that it may reconsider it based on EPA's 2023 analysis, as well as concerns raised by Petitioner here, and any other information submitted, it does not "agree" with Petitioner (Opp. 11) that the Order should be "invalidated."

EPA merely concedes that continued litigation is a waste of the Court's and the parties' resources. Furthermore, Petitioner's response requesting vacatur is a further waste of the Court's and the Parties' resources. As it has explained, if this Court grants its motion for remand, EPA will promptly withdraw the order. Barish Decl. ¶ 8. Vacatur is not necessary. Had Petitioner refrained from filing its response, it is quite possible the Court would have already remanded this matter, and the Order would have already been withdrawn.

As EPA explained in its declaration, the agency intends to withdraw the Order so that it may conduct a de novo review of the application and any new information it develops as part of its reconsideration before issuing a new order. Therefore, vacatur is unnecessary and the court need not consider the *Allied Signal* test.

Finally, Petitioner's stated reason for demanding vacatur is a scenario that is unlikely. It contends that it is at "ongoing risk" of exposure from the manufacture authorized under the Order (Opp. 7), its statement ignores that manufacture under the order has not commenced, and Chevron must notify EPA once that occurs. 40 C.F.R. § 720.102(b). The TSCA Section 5(e) order challenged by Petitioner was

4

signed in August of 2022, and to date Chevron has not submitted a Notice of Commencement. Chevron has had ample opportunity to commence manufacture during the intervening two years and has not done so. Thus, the harms Petitioner fears are not imminent. For this additional reason, vacatur is not necessary.

## CONCLUSION

For all these reasons, this petition should be voluntarily remanded to EPA.

Respectfully submitted,

Dated: October 15, 2024

*/s/ Redding Cofer Cates*
REDDING COFER CATES
U.S. Department of Justice
Environment & Natural
Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(T) (202) 514-2617
Redding.Cates@usdoj.gov

*Counsel for Respondents*
*Environmental Protection Agency*
*and Michael S. Regan,*
*Administrator*

5

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the requirements of Fed. R. App. P. 27(d) because it contains 941 words and is formatted in double-spaced, 14-point Century Schoolbook font.

Dated: October 15, 2024                    Respectfully submitted,

                                           /s/ *Redding Cofer Cates*
                                           Redding Cofer Cates